UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:10 CR 128 |
| | ) | (No. 2:12 CV 89) |
| COURTNEY WASHINGTON | ) | |

### OPINION and ORDER

Defendant/movant Courtney Washington has filed a motion pursuant to 28 U.S.C. § 2255 which he titles "Motion To Vacate An Absolute Void Judgment." (DE # 27.) He argues that his criminal judgment is void because this court had no subject-matter jurisdiction over the criminal case against him.

A § 2255 motion allows a person in federal custody to attack his or her conviction and sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. RULE 4 of the RULES GOVERNING § 2255 PROCEEDINGS requires the court to promptly examine the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." RULE 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

Washington's criminal judgment was entered after he entered into a written plea agreement and pleaded guilty to a charge of having violated 18 U.S.C. § 922(g)(1). In Washington's written plea agreement, among other important terms, at paragraph 7(e), he agreed:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, *I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground,* including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, *including but not limited to, a proceeding under Title 28, United States Code, Section 2255.*

(DE # 14 at 4) (emphasis added.) Washington is not making a claim within the waiver's exclusion—that he received ineffective assistance of counsel in regard to the waiver clause itself—so the waiver must be enforced, unless the plea agreement as a whole fails, for example because his plea and/or the agreement was made involuntarily. *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008); *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995).

Washington does not argue that his plea, plea agreement, or both, is/are invalid. Instead, he argues that the entire proceeding was invalid, because the indictment against him failed to properly allege "territorial jurisdiction;" that is, it charged him with committing a crime in the State of Indiana, and Indiana has not ceded "territorial jurisdiction" over crimes within its boundaries to the United States. This argument has been described by the Court of Appeals for the Seventh Circuit as so frivolous that it does not require discussion. *United States v. Banks-Giombetti*, 245 F.3d 949, 953 (7th Cir. 2001). However, for defendant/movant Washington's benefit, the court briefly explains.

2

The Constitution expressly gives Congress the power to make laws regulating interstate commerce, and Congress has used that power to make valid laws with respect to firearms, involving conduct that appears anywhere within the territory of the United States. *See United States v. Groves*, 470 F.3d 311, 326 (7th Cir. 2006). United States District Courts have original jurisdiction over any indictment alleging a violation of the laws of the United States. 18 U.S.C. § 3231. Therefore, this court had subject-matter jurisdiction over Washington's prosecution.

Because Washington has made no claims which impeach the validity of his plea and/or his waiver of his right to file a § 2255 motion, nor an argument which shows that this court lacked jurisdiction, it "plainly appears from the motion . . . and the record of prior proceedings" that he is not entitled to relief, requiring the summary dismissal of his § 2255 motion. RULE 4, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Accordingly, Washington's motion pursuant to 28 U.S.C. § 2255 (DE # 29) is summarily **DENIED** and **DISMISSED**. The clerk shall **ENTER a FINAL JUDGMENT** dismissing the collateral civil proceeding (2:12 CV 89) with prejudice, and give notice to defendant-movant Washington. For the reasons given herein, Washington has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability will issue.

**SO ORDERED.**

Date: March 2, 2012

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT